IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | | |
|---|---|---|
| JAMES CULVER, INDIVIDUALLY, AND AS THE REPRESENTATIVE OF THE ESTATE OF CHERYL CULVER, DECEASED<br><br>　　Plaintiff<br><br>　　　　VS.<br><br>LF XPRESS, INC., a Georgia Corporation, and ORLANDO LUKE<br><br>　　Defendants. | §§§§§§§§§§§§§ | Civil Action No. 3:17-cv-268 |

**PLAINTIFF' ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, JAMES CULVER, Individually, and as the Representative of the Estate of Cheryl Culver, Deceased, ("Culver") complaining of LF Xpress, Inc. and Orlando Luke Defendants herein, and for their cause of action would show as follows:

### I.     THE PLAINTIFF

1.1     James Culver is the son of Cheryl Culver, Deceased.  James Culver brings this suit both Individually and as the Representative of his mother's Estate under Illinois Survival and Wrongful Death Statutes.  James Culver is a resident of Missouri.

### II.    THE DEFENDANTS

2.1     LF Xpress, Inc. ("LF Xpress") is a Georgia Corporation with its principal place of business in Georgia.  LF Xpress, Inc. actively conducts business in the State of Illinois and was conducting business in the State of Illinois on the day of the incident that forms the basis of this lawsuit. LF Xpress, Inc. may be

served with process by serving its owner, Orlando Luke, at St. Clair County Jail, 700 N. 5th Street, Belleville, Illinois 62220.  Service of process is requested at this time.

2.2     Orlando Luke is an individual who is currently incarcerated in the State of Illinois. Orlando Luke may be served with process by serving him at the Saint Clair County Jail, where Luke is currently incarcerated, located at 700 N. 5th Street, Belleville, Illinois 62220.  Service of process is requested at this time.

### III.     JURISDICTION & VENUE

3.1     This Court has personal jurisdiction over the Defendants because they conduct business in the State of Illinois and have sufficient contacts with the State of Illinois with regards to this specific action that the exercise of personal jurisdiction over them is proper.  More specifically, specific jurisdiction is proper over LF Xpress (under the stream of commerce plus theory) because LF Xpress placed the 18-wheeler, which caused this accident, in the stream of commerce. LF Xpress specifically serves the Illinois market, targets the marketplace for its goods and services, and the accident made the basis of this suit occurred in Illinois. Personal jurisdiction over Luke is proper since Luke is currently residing in Illinois and will be served with process in the State of Illinois.

3.2     The Court has Subject Matter Jurisdiction over this lawsuit under 28 U.S.C. §1332(a)(1) because the Plaintiff and Defendants are citizens of different states and the amount in controversy well exceeds $75,000, excluding interest and cost.  Plaintiff James Culver, Individually, and as the Representative of the Estate of Cheryl Culver, Deceased, is a citizen of Missouri. Defendant, LF Xpress is a Georgia Corporation with its principal place of business in Georgia.  Luke, for the purposes of subject matter jurisdiction, is domiciled in the State of Illinois at the time of filing and therefore is a citizen of the State of Illinois under 28 U.S.C. §1332(a)(1).

3.3     Venue is proper in the United States District Court for the Southern District of Illinois, East St. Louis Division pursuant to 28 U.S.C. §1391(b)(2).  The Southern District of Illinois is where a substantial part of the events or omissions giving rise to the claim occurred. Specifically, the horrendous accident that formed the basis of this lawsuit occurred in Saint Claire County, Illinois.

## IV.     FACTS

4.1     On November 8, 2016 around approximately 9:15 p.m. Defendant Orlando Luke, the owner and operator of LF Xpress, in the course and scope of business for LF Xpress was reckless speeding through the city of O'Fallon Illinois while high on crack cocaine.  Several witnesses on that evening noted the reckless fashion on which Luke was driving his 80,000 pound Kenworth T660 Truck, owned and operated by LF Xpress, Inc. bearing vin # 1XKAD49XX9J249434.







4.2     Mere minutes after being spotted driving dangerously and well over the speed limit by numerous witnesses, Luke approached the intersection of Scott Troy Road and US-50 from the Eastbound Lane. While approaching the intersection, Luke had a clear red light as stated by several witnesses, including Barbra Rhodes who stated "the light as he (Orlando Luke) approached was most definitely red".

4.3     At the same time Luke approached the red-light high on cocaine, speeding well above the posted speed limit, Cheryl Culver was traveling in her 2015 Ford Escape through a green light at the

intersection of Scott Troy Road.  While Cheryl Culver traveled through the intersection, Luke ran the red light, pummeled through the intersection, and crashed into Cheryl Culver's vehicle head on.  A witness at the scene, Barbra Rhodes, described the collision between Luke's 18-wheeler and Culver's Ford Escape as "sound(ing) like an explosion went off in the intersection".  The picture below demonstrates the



tremendous rate of speed in which LF Xpress's 18-wheeler, driven by Luke, slammed into Cheryl Culver's vehicle.

4.4    The impact of this collision crushed Cheryl Culver's Ford Escape and flipped the Escape into a ditch.  Numerous witnesses, including Cheryl's son, James Culver, who was driving right in front of his mother's Escape and almost hit by the 18-wheeler, rushed to the accident scene in an attempt to save Cheryl's life.  One of these witnesses, Dominic Brown, recounts trying to pry open Cheryl's door to get Cheryl out of the crushed Escape. During this time Dominic recalls that Cheryl had a pulse.

4.5    Despite the heroic efforts of Dominic, Cheryl's son James, and numerous other witnesses and EMS personnel, Cheryl Culver died later that evening.  As a result of this accident, Orlando Luke was arrested and is currently incarcerated in the Saint Claire County Jail pending his criminal trial.  Plaintiff

James Culver now brings Wrongful Death and Survivorship claims against L F Xpress, Inc. and Orlando Luke under Illinois Law.

## V.     CAUSES OF ACTION AGAINST ORLANDO LUKE

### A.     *Negligence*

5.1     Culver incorporates paragraphs 1.1—4.5. Orlando Luke, as the owner and operator of LF Xpress, Inc. and the driver of the subject Kenworth 18-wheeler had a duty to the driving public to exercise reasonable care. Luke breached this duty by failing to act as a reasonable careful 18-wheeler driver on the night of November 8, 2016.  The following acts and/or omissions of negligence by Luke proximately caused the crash on November 8, 2016, the significant injuries and eventual death of Cheryl Culver, and the damages sustained by the Plaintiff.

   a.   Failing to stop at a red light;

   b.   Driving while under the influence of a dangerous and illegal narcotic;

   c.   Failing to control speed;

   d.   Failing to keep a proper lookout for vehicles that had the right of way;

   e.   Failing to operate an 18-wheeler with due care for the safety of others, including Cheryl Culver, Deceased; and

   f.   Driving at a reckless and dangerous speed without regard to the safety of others.

### B.     *Negligence Per Se of Orlando Luke*

5.2     Culver incorporates paragraphs 1.1—5.1.  The acts, omissions, and negligence of Luke violates § 625 of the Illinois Vehicle Code against running red lights, reckless driving, speeding, and driving while under the influence, all of which constitute negligence per se.

5.3     Cheryl Culver, as a motorist on the road, is in the group of people the Illinois Vehicle Code is intended to protect. Moreover, the severe injuries suffered by Cheryl Culver and her eventual death as

well as the damages sustained by the Plaintiff were proximately caused by Luke's violation of § 625 of Illinois Vehicle Code.

### C. *Respondeat Superior*

5.4    Culver incorporates paragraphs 1.1—5.3.  These actions and/or omissions, taken separately or together, constitute negligence, which is the proximate cause of the injuries and damages sustained by the Plaintiff in this case. At the time of the collision, Luke was the owner of LF Xpress, Inc. and was acting within the course and scope of his business as owner of LF Xpress, Inc. and in furtherance of LF Xpress, Inc.'s business.  At any time leading up to or on November 8, 2016 Luke could have controlled whether Luke drove under the influence of cocaine or ran a red light. Given these facts, LF Xpress is jointly and severally liable and accountable to the Plaintiff for Luke's acts, omissions, and negligence, which were a proximate cause of the Plaintiff's damages under the doctrine of *Respondeat Superior.*

## VI.    CAUSES OF ACTION AGAINST LF XPRESS, INC.

6.1    Culver incorporates paragraphs 1.1—5.4. At the time of the subject incident, Defendant LF Xpress was responsible for the operational safety of its vehicles and drivers.

6.2    Culver will show that at the time of the collision, Luke was an owner of LF Xpress, and was acting within the course and scope of his employment in the furtherance of LF Xpress's business.  As such, LF Xpress is liable and accountable to Plaintiff for Luke's acts, omissions and negligence, which was a proximate cause of Plaintiff's damages, under the doctrine of *Respondeat Superior.*

6.3    The independent negligence of LF Xpress includes, but is not limited to, one or more of the following;

    a.    Failure to properly train its drivers and employees;

      b.    Failure to establish an adequate safety program;

      c.    Failing to adequately supervise its drivers and employees;

      d.    Failing to properly qualify its drivers and employees;

      e.    Failure to establish adequate policies and/or adequately enforce policies for its drivers and employees; and

      f.    Failing to promulgate and enforce company policies regarding the use of illegal drugs.

6.4    This incident only recently occurred, and this incident is still in its early stages of investigation. Plaintiff reserves the right to modify, supplement, amend, and change these pleadings to conform to the evidence as information continues to be gathered.

## VII.    PLAINTIFF' DAMAGES

7.1    As a producing, direct and proximate result of the accident, injuries, and death for which Defendants are liable, Plaintiff seeks and is entitled to the following damages:

    a.    *Wrongful Death Damages of James Culver.*

        (1)    pecuniary loss in the past and future;
        (2)    loss of, companionship and society in the past and future;
        (3)    mental anguish in the past and future;
        (4)    loss of inheritance;
        (5)    loss of service;
        (5)    loss of community Estate and addition to Estate;
        (6)    all other damages allowed by law and equity.

    b.    *Survival Damages of the Estate of Cheryl Culver, Deceased.*

        (1)    pain and mental anguish;
        (2)    medical expenses;
        (3)    funeral and burial expenses; and
        (4)    all other damages allowed by law and equity.

    c.    *Bystander Damages of James Culver*

        (1)    mental anguish in the past and future; and
        (2)    emotional distress in the past and future

Moreover, Plaintiff James Culver, Individually, was in the zone of danger during the collision and has suffered illness as a result of being in such close proximity to his mothers, accident and death. James Culver, Individually, seeks bystander damages as allowed by Illinois law

### VIII. PRE-JUDGMENT AND POST-JUDGMENT INTEREST

8.1   Plaintiff seeks pre-judgment and post-judgment interest as allowed by law.

### IX. JURY DEMAND

9.1   Plaintiff timely respectfully requests a trial by jury and have tendered the appropriate fee.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this cause be set for trial before a jury, and that Plaintiff recover judgment of and LF Xpress, Inc. and Orlando Luke and actual damages in such amount as the evidence may show and the jury may determine to be proper, together with prejudgment interest, post-judgment interest, reasonable attorneys' fees, costs of court, and such other and further relief to which they may show themselves to be justly entitled.

Respectfully submitted,

By:   /s/ David E. Harris
David E. Harris—*Attorney in Charge*
Texas Bar No. 24049273
*Pro Hac Vice Pending*
dharris@shhblaw.com
Louie J. Cook
Texas Bar No. 24101191
*Pro Hac Vice Pending*
lcook@shhblaw.com
S‍ICO H‍OELSCHER H‍ARRIS & B‍RAUGH LLP
802 N. Carancahua, Suite 900
Corpus Christi, Texas 78401
Phone: (361) 653-3300

Fax: (361) 653-3333

**ATTORNEYS FOR PLAINTIFF**