IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JAMES CULVER,** *individually and as the Representative of the Estate of Cheryl Culver, deceased,*

   **Plaintiff,**

  v.

**LF XPRESS, INC.**, *a Georgia Corporation* and **ORLANDO LUKE,**

   **Defendants.**

Case No.: 17-268 JPG/SCW

## MEMORANDUM AND ORDER

In light of Seventh Circuit Court of Appeals admonitions, *see Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007), the Court has undertaken a rigorous initial review of pleadings to ensure that jurisdiction has been properly pled. The Court has noted the following defects in the jurisdictional allegations of the complaint (Doc. 1) filed by plaintiff James Culver, *individually, and as the Representative of the Estate of Cheryl Culver, deceased*:

> **Failure to allege the citizenship of decedent.** A complaint asserting diversity jurisdiction must allege the citizenship of individual parties. 28 U.S.C. § 1332(a)(1). Where a suit is brought on behalf of the estate of a decedent, the citizenship of the legal representative of the estate shall be deemed to be that of the decedent. 28 U.S.C. § 1332(c)(2); *see Gustafson v. zumBrunnen*, 546 F.3d 398, 400-01 (7th Cir. 2008)**;** *Konradi v. United States*, 919 F.2d 1207, 1214 (7th Cir. 1990). Plaintiff's complaint does not allege the decedent's citizenship prior to her death.
>
> **Failure to allege the citizenship of an individual.** A complaint asserting diversity jurisdiction must allege the citizenship of an individual defendant, not merely residence. 28 U.S.C. § 1332(a)(1); *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002); *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998). The citizenship of an incarcerated person "should be the state of which he was a citizen before he was sent to prison unless he plans to live elsewhere when he gets out, in which event it should be that state." *Singletary v. Continental Ill. Nat'l Bank & Trust Co. of Chicago*, 9 F.3d 1236, 1238 (7th Cir. 1993). Plaintiff's complaint does not allege citizenship of defendant, Orlando Luke prior to his incarceration.

The Court hereby **ORDERS** that plaintiff James Culver, *individually, and as the Representative of the Estate of Cheryl Culver, deceased*, shall have up to and including, March 31, 2017 to amend the faulty pleading to correct the jurisdictional defect.  *See* 28 U.S.C. § 1653.  Failure to amend the faulty pleading may result in dismissal of this case for lack of subject matter jurisdiction.  Amendment of the faulty pleading to reflect an adequate basis for subject matter jurisdiction will satisfy this order.  Plaintiff James Culver, *individually, and as the Representative of the Estate of Cheryl Culver, deceased* is directed to consult Local Rule 15.1 regarding amended pleadings and need not seek leave of Court to file such amended pleading.

**IT IS SO ORDERED.**
**DATED: March 17, 2017**

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**
